# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. ESCALANTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX CORPORATE SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 1:18-cv-00560-LJO-BAM<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT IMPOSED FOR FAILURE TO APPEAR AND FAILURE TO PROSECUTE THIS ACTION |

TO PLAINTIFF MARK A. ESCALANTE:

On May 1, 2018, Plaintiff Mark A. Escalante, proceeding *pro se*, was informed by an order of the Court that a Mandatory Scheduling Conference in this matter would be held on August 15, 2018 at 9:00 AM. (Doc. No. 10.) On August 15, 2018, Plaintiff failed to appear either by telephone or in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe at the appropriate time. As a result, the scheduling conference could not proceed. Further, at the hearing, counsel for Defendant informed the Court that Plaintiff has failed to adequately participate in the preparation of the joint scheduling report and there has been limited communication with Plaintiff since this action was filed.

Therefore, Plaintiff SHALL show cause why he has failed to participate in these proceedings and obey the orders of this Court and why sanctions, up to and including terminating sanctions, should not be imposed for his failure to appear at the initial scheduling conference and participate in the joint scheduling report. Plaintiff is further ADMONISHED that failure to timely respond, as explained in this order, may result in the imposition of sanctions, including dismissal

1

of this action.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. <u>Thompson v. Housing Authority of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g.</u>, <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court ORDERS as follows:

1. Plaintiff Mark A. Escalante is hereby ORDERED TO SHOW CAUSE why this Court should not impose sanctions, including dismissal of this action, for his failure to appear at the initial scheduling conference and otherwise comply with this Court's orders. Plaintiff shall respond to this Order to Show Cause, in writing, no later than **August 29, 2018**;

2. If Plaintiff no longer intends to pursue this case, he may satisfy the ORDER to SHOW CAUSE by filing a request for voluntary dismissal of this action;

3. The Clerk of the Court is directed to serve this Order to Show Cause on Plaintiff by mail; and

4. Plaintiff's failure to respond to this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __**August 15, 2018**__        /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE