# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. ESCALANTE,<br><br>    Plaintiff,<br><br>v.<br><br>FEDEX CORPORATE SERVICES, INC.,<br><br>    Defendant. | Case No. 1:18-cv-00560-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR THE FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. Nos. 10, 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Mark A. Escalante ("Plaintiff"), proceeding *pro se*, initiated this action in the Stanislaus County Superior Court, and the matter was removed to this Court on April 25, 2018. (Doc. No. 1.) Civil new case documents were issued the same day, and the Court set a Mandatory Scheduling Conference for August 21, 2018. (Doc. No. 7.) The matter was reassigned to the undersigned Magistrate Judge and the Mandatory Scheduling Conference was advanced to August 15, 2018. (Doc. Nos. 9, 10.)

On August 15, 2018, the Court convened the Mandatory Scheduling Conference. The conference could not be held because Plaintiff failed to appear. Plaintiff also reportedly failed to participate in the preparation of the Joint Scheduling Report. (Doc. Nos. 14, 15.) As a result, on August 15, 2018, the undersigned issued an order for Plaintiff to show cause in writing no later than August 29, 2018, why he has failed to participate in these proceedings and obey the orders of

this Court and why sanctions, up to and including terminating sanctions, should not be imposed. Plaintiff was admonished that the failure to timely respond may result in the imposition of sanctions, including dismissal of this action. (Doc. No. 16.) The deadline for Plaintiff to respond to the Court's order to show cause has passed, and Plaintiff has neither complied with the show cause order or otherwise responded to the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, this action has been pending since April 2018, and Plaintiff has failed to appear or participate in the prosecution of this action. The Court cannot hold this case indefinitely in abeyance awaiting Plaintiff's compliance with the Court's orders. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

*Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's show cause order of August 15, 2018, expressly warned Plaintiff that the failure to comply with that order might result in sanctions, including dismissal of this action. (Doc. No. 16.) Thus, Plaintiff had adequate warning that dismissal could result from noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions and the preclusion of evidence or witnesses are of little use and likely to have no effect given that Plaintiff has ceased litigating this case and has stopped responding to the Court's orders.

### III. Conclusion and Recommendation

Accordingly, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///

///

///

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 10, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE